UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE L. CAMPANELLI,

    Plaintiff,

    v.

IMAGE FIRST UNIFORM RENTAL SERVICE, INC., et al.,

    Defendants.

Case No. 15-cv-04456-PJH

**ORDER DENYING MOTION TO COMPEL**

Re: Dkt. No. 43

Before the court is plaintiff Kyle L. Campanelli's motion to compel answers to his first set of discovery requests. Dkt. 43. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to compel.

## BACKGROUND

This is putative class action based on the Fair Labor Standards Act ("FLSA") and the California Labor Code. Plaintiff Kyle Campanelli was formerly employed by an ImageFIRST entity as a delivery person from March 2014 to March 3, 2015. First Amended Complaint ("FAC") ¶ 4, 33. The complaint names three ImageFIRST companies as defendants: (1) ImageFIRST Uniform Rental Service, Inc. ("IF Uniform"); (2) ImageFIRST Healthcare Laundry Specialists, Inc. ("IF Healthcare"); and (3) ImageFIRST of California, LLC ("IF California"). Campanelli alleges that he worked over forty hours a week but was denied meals and rest periods, and was never paid overtime compensation required under the FLSA and California law. FAC ¶ 36. Campanelli seeks to represent all similarly situated ImageFIRST delivery persons. FAC ¶¶ 4, 37–51.

IF California and IF Healthcare have separately answered the complaint. Dkt. 23, 25. IF California has admitted to employing Campanelli. Answer at ¶ 3. IF Uniform, however, filed a motion to dismiss for lack of personal jurisdiction, which came on for hearing on March 30, 2016. Dkt. 22. Following the hearing, the court issued an order permitting "limited jurisdictional discovery on the issue [of] whether IF Uniform has sufficient, if any, contacts, with the forum state." Dkt. 40 at 1 (hereinafter the "March 30 Order"). However, the court denied leave for discovery into a possible "agency relationship between IF Uniform and ImageFIRST of California." Id.

The close of jurisdictional discovery was May 31, 2016. Campanelli was to file any supplemental brief based on the discovery by June 14, 2016. Instead, Campanelli bought the instant motion to compel. Campanelli's motion to compel seeks an order compelling IF Uniform to provide further answers to interrogatories and requests for production of documents, and a Rule 26 conference to commence discovery on the answering defendants. Mot. at 1–2. Per a prior order, the court vacated the June 14 deadline for supplemental briefing and indicated that the deadlines would be reset after the motion to compel was resolved. Dkt. 44.

## DISCUSSION

### A. Legal Standard

A party may bring a motion to compel discovery when another party has failed to respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As the moving party, plaintiff must inform the court which discovery requests are the subject of his motion to compel, why defendants' objections are not justified or why the response provided is deficient, and how

2

proportionality and the other requirements of Federal Rule of Civil Procedure 26(b) are met.  See Civil Local Rule 37-2.

### B.     Analysis

The essence of this discovery dispute is the parties' differing interpretations of the scope of the court's March 30 Order.  In opposing IF Uniform's motion to dismiss, Campanelli asserted two principal theories of specific personal jurisdiction: (1) based on IF Uniform's own contacts with California; (2) based on IF Uniform having "a Single Enterprise, Joint Employer, and/or Agency" relationship with the other IF entities.  Dkt. 35-1 at i-ii.  The key evidence offered by Campanelli in support of personal jurisdiction was: (i) an unsigned employment agreement listing IF Uniform as an one of many "employers" (the "Employment Agreement"), (ii) a passive website that does not distinguish between the different ImageFIRST entities (the "Website"); and (iii) an Associate Handbook, whose authorship is unclear, that is allegedly used by ImageFIRST employees in a number of states, including California.

At the hearing on the motion to dismiss, the court made clear that "I don't think that the plaintiffs have made a prima facie case with regard to any kind of agency theory." Dkt. 42 at 20 (emphasis added).  However, the court found that "with regard to [IF] Uniform's contacts," Campanelli had made "a sufficient showing to warrant some jurisdictional discovery."  Dkt. 42 at 22–23.  The court emphasized that the jurisdictional discovery would be "very limited" and focused on "whether or not [IF] Uniform itself has sufficient minimum contacts . . . that give rise to the allegations in the complaint such that an exercise of jurisdiction would be reasonable."  Dkt. 42 at 23.  The March 30 Order made this distinction clear, denying Campanelli leave for discovery into any possible "agency relationship between IF Uniform and ImageFIRST of California."  Dkt. 40.  Under the March 30 Order, Campanelli was thus permitted to seek discovery into IF Uniform's own specific contacts with California, if any, that give rise to this case.

Campanelli has propounded 22 interrogatories and 23 requests for the production of documents pursuant to the court's order permitting limited jurisdictional discovery.

3

Mot. at 6.  Campanelli seeks a compelled response to 21 of the interrogatories and 19 of the document requests, which "fall into two main categories: (1) those in which ImageFirst Uniform is entirely refusing to answer by claiming that the subject matter purportedly is beyond the scope of what the Court allowed; and (2) those in which ImageFirst Uniform has responded by re-writing the discovery resulting in answers that are meaningless."  Mot. at 8.  In general, Campanelli's discovery requests seek general information on the "relationships" between the three defendants, purportedly relevant to his "joint employer" and "single enterprise" theories of personal jurisdiction.  Mot. at 9–10.  For example, Campanelli seeks discovery on whether IF Uniform and the other defendants have common directors or common ownership.  See Dkt. 43-1 at 6-8, 15.

Campanelli has misinterpreted the scope of the court's March 30 Order.  In Campanelli's view, the March 30 Order "only reject[ed] the specific personal jurisdiction agency theory," but, by silent implication, allowed discovery into any of his other theories of jurisdiction.  Mot. at 6.  That is simply not what the court ruled.  Instead, the court permitted discovery into a single issue: "whether IF Uniform has sufficient, if any, contacts, with the forum state."  Dkt. 40 at 1.  The court denied discovery into "any kind of agency theory."  Dkt. 42 at 20; accord Dkt. 40 at 1 ("Plaintiff has not, however, demonstrated a prima facie case . . . to justify jurisdictional discovery into a possible agency theory.").  Campanelli's supposed "single enterprise" and "joint employer" theories are bases for liability, not personal jurisdiction.  See, e.g., E.E.O.C. v. Bass Pro Outdoor World, LLC, 884 F. Supp. 2d 499, 525–26 (S.D. Tex. 2012) ("The integrated enterprise theory . . . is a liability standard . . . not a jurisdictional standard."); Langlois v. Deja Vu, Inc., 984 F. Supp. 1327, 1334 (W.D. Wash. 1997) ("[T]his Court must first find that jurisdiction exists over an out-of-state Defendant before the Court labels the out-of-state Defendant an 'employer' under the FLSA.").

Campanelli's discovery requests were therefore outside of the scope of the court's March 30 Order.  Accordingly, it was proper for IF Uniform to refuse to answer these requests, or to limit their scope to the critical issue:  whether IF Uniform, itself, has

contacts with California. It was further proper for IF Uniform to limit its responses to the date range of September 28, 2011 to the present, as that corresponds to the applicable four year statute of limitations.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is DENIED. Campanelli's request for an immediate Rule 26 conference with the answering defendants is DENIED.

Campanelli shall have until July 18 to file a supplemental brief on IF Uniform's pending motion to dismiss for lack of personal jurisdiction. IF Uniform may file a response 14 days thereafter, at which time IF Uniform's motion to dismiss will be deemed submitted.

**IT IS SO ORDERED.**

Dated: July 1, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge