THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile:  (415) 707-2024
Email: tjb@brandilaw.com

THE FEOLA LAW FIRM
DAVID C. FEOLA* (CO Bar No. 18789)
34523 Upper Bear Creek Road
Evergreen, Colorado 80439
Phone: 303-674-7000, Ext. 2
Facsimile: 303-382-4685
Email:  David@Feolalaw.com
* Admitted pro hac vice

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| KYLE L. CAMPANELLI on his own behalf and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>      v.<br><br>IMAGE FIRST UNIFORM RENTAL SERVICE, INC.; IMAGE FIRST HEALTHCARE LAUNDRY SPECIALISTS, INC.; IMAGE FIRST OF CALIFORNIA, LLC,<br><br>     Defendants. | Case No.: 4:15-cv-04456-PJH<br><br>**JOINT DISCOVERY DISPUTE LETTER** |

The parties met and conferred telephonically before the filing of this letter and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter.

1    DATED: April 10, 2017                    */s/Brian J. Malloy*_____

2                                             Brian J. Malloy

3                                             Attorneys for Plaintiff

4

5

6    DATED: April 10, 2017                    */s/ Eric Meckley*_____

7                                             Eric Meckley

8                                             Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Discovery Dispute Letter:  Campanelli v. ImageFirst, Case No. 4:15-cv-04456-PJH**

Pursuant to Magistrate Judge Kim's Standing Order, Plaintiff Kyle Campanelli and Defendants ImageFirst Healthcare Laundry Specialists, Inc. and ImageFirst of California, LLC submit the following joint discovery dispute letter.  The dispute concerns Defendants' three main objections to his First Set of Interrogatories and Request for Production of Documents to Defendants.[1]  The Court has set June 14, 2017 as the deadline for filing of the motion(s) for conditional collective action certification under 29 U.S.C. § 216(b) and for certification of a California class pursuant to FRCP 23.

**Main Dispute One:  <u>Corporate's "We Say We Are Not An Employer" Objection</u>**

<u>Plaintiff's Final Substantive Position</u>:[2]  ImageFirst Healthcare Laundry Specialists, Inc. (Corporate) has lodged a "We Say We Are Not An Employer" objection and has refused to provide any information or documents based on its factually and legally erroneous contention that it does not employ any delivery drivers who would be putative collective or class members.  This is a critical issue that is central to this case.  Plaintiff has established the relevancy of this discovery through the allegations in Plaintiff's First Amended Complaint, the standard for first-stage collective action certification under 29 U.S.C. § 216(b), and the substantial evidence of Corporate's 1) actual direct employment of delivery drivers, and 2) common ownership and control over delivery drivers establishing a joint employment, single enterprise and/or agency relationship.  Regardless of Corporate's empty denials, the actual fact is that Corporate <u>centrally and uniformly</u> for **all** delivery drivers:

1. Markets, maintains, and administers their health and welfare plans (health, retirement, etc.)
2. Advertises, interviews, screens, and oversees their hiring and on-boarding through a centralized "Human Resources Team";
3. Coordinates and operates mandatory drug screening programs for them;
4. Coordinates and operates their mandatory background checks (driving, criminal, credit);
5. Prepares and overseas lengthy, mandatory check lists for their hiring and on-boarding;
6. Prepares a highly-detailed employee handbook that is mandated to be followed;
7. Prepares and coordinates their mandatory tax, payroll, banking, and COBRA forms;

---

[1]  Exhibit A is Corporate's response to Interrogatories, Exhibit B is California's response to Interrogatories, Exhibit C is Corporate's response to Request for Production of Documents and Exhibit D is California's response to Request for Production of Documents.
[2]  Plaintiff filed a motion to compel on March 7, 2017 on the objections that are raised in this letter.  *See* Dkts. 60-65.  The case was thereafter reassigned to Your Honor prior to Defendants' opposition due date.  That motion has an extensive factual and legal discussion, is summarized here.

8. Prepares and mandates an array of mandatory industry-specific employment procedures for them, covering such things as email/internet usage, fuel card use, vehicle use, attendance, uniform rental, security key/tag, handling of hazardous materials, manual tasks;

9. Prepares and mandates industry-specific, mandatory training and educational materials;

10. Performs the entire Human Resources function for them;

11. Maintains a 2,000-plus page "Operations Manual" detailing the management, activities, duties, and human resources functions for the these positions; and

12. Operates and administers a website ([www.imagefirst.com](www.imagefirst.com)) for the benefit of not only California, but for every other operation for which Corporate likewise performs these employer services and functions, i.e., at present, operations in nearly forty (40) states.

Defendants' argument presupposes that Plaintiff is seeking to hail third-parties into this Court, which is patently incorrect. Corporate is properly before this Court, and whether Corporate is a direct employer of delivery drivers (including Plaintiff Campanelli) and/or an employer under joint employer/single enterprise and agency theories due to the substantial control it exerts over all ImageFIRST operations is a critical and threshold issue. The scope of both the putative collective and class sways on Corporate's meritless "not an employer" contention. Plaintiff has compelling evidence demonstrating that Corporate is an employer of delivery drivers in California and across the United States.[3] Plaintiff's targeted discovery to further confirm these points is unquestionably relevant information as to Corporate's threshold status as an employer, whether those delivery drivers are "similarly situated" for purposes of collective action certification, and to even establish the scope of the collective and class actions. Rule 26's proportionality factors all favor allowing this – and the other – discovery that is at issue.

Defendants badly mischaracterize their authority cited. *Gessele v. Jack in the Box, Inc.*, 2013 WL 1326563, at *22 (D. Or. 2013) only held that plaintiff did not plead joint employer and that it was premature to include the employees in a proposed collective because discovery on the joint employer issue "has not yet been conducted." *Id.* (emphasis supplied). *Lopez v. Assurance Quality Grp., Inc.*,

---

[3]     The definition of an "employer" under the FLSA "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) (en banc).   Under the FLSA, " '[e]nterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose.' " *Chao v. A–One Medical Services, Inc.,* 346 F.3d 908, 915 (9th Cir. 2003) (quoting 29 U.S.C. § 203(r)(1)).   "If these three elements - related activities, unified operation or common control and common business purpose - are present, different organizational units are grouped together for the purpose of determining FLSA coverage." *Id.*

2013 WL 12090613, at *6 (N.D. Ga. 2013) involved a motion to dismiss for failure to sufficiently plead joint employer and did not allow plaintiff the discovery due to the threshold failure to plead that doctrine.  The other cited cases cited suffer from the similar infirmities.  *Ruiz v. Fernandez*, 2012 WL 12917120, at *3 (E.D. Wash. 2012) (three plaintiffs, <u>not putative collective action</u>; discovery denied on relevancy grounds); *Napoto v. DHL Exp. (USA), Inc.*, 2009 WL 1974412, at *3 (N.D. Cal. 2009) (deferring motion to dismiss <u>pending joint employer discovery</u>); *Dixon v. Zabka*, 2014 WL 6084351, at *2 (D. Conn. 2014) (summary judgment ruling after joint employer discovery).  In fact, courts routinely grant first-stage collective action notice and defer ruling on joint employer until later.  *See Douglas v. Xerox Business Services*, LLC, 2015 WL 12930486, at *1-2 (W.D. Wash. 2015) (collecting and citing cases). Plaintiff must, then, be allowed basic discovery into the joint employer and its employees.

<u>Plaintiff's Final Compromise</u>:  The Court should overrule this objection in Corporate's response to Request for Production Nos. 3, 5-12, 14-37, 39, 41, 43 and 45 and Interrogatory Nos. 1-4 and 6-15.

<u>Defendants' Position</u>:[4]  Plaintiff's request for discovery as to "drivers" he argues are jointly employed by ImageFirst Healthcare Laundry Specialists, Inc. ("IF Healthcare") and other unnamed third parties should be denied. Customer Advocates and Route Specialists (whom Plaintiff calls "drivers") are directly employed by entities, such as ImageFirst of California, LLC ("IF of California"), that operate independently in various states throughout the U.S. However, just like former defendant ImageFIRST Uniform Rental Service, Inc., *which Judge Hamilton dismissed from this case for lack of personal jurisdiction*, these non-California entities have no connection with California and this Court lacks personal jurisdiction over these third parties. IF Healthcare has verified under penalty of perjury that it does *not* employ Customer Advocates or Route Specialists—a fact Plaintiff cannot credibly dispute. Faced with this reality, Plaintiff seeks discovery from and about non-California entities (and their respective employees) who are outside the Court's jurisdiction based on his allegation these persons are

---

[4] Judge Hamilton denied Plaintiff's motion to compel without prejudice and referred the dispute to the Magistrate Judge. The Magistrate Judge should not consider any arguments, authority, or purported evidence set forth in the motion that was denied and limit review to arguments in this letter.

jointly employed with IF Healthcare, who has appeared in this case.[5] But Plaintiff's discovery circumvents the threshold query of personal jurisdiction under the 14th Amendment of the U.S. Constitution, and he has failed to make a *prima facie* showing that IF Healthcare is a joint employer with any other non-California entity (let alone any franchisee of IF Healthcare). *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Plaintiff has not cited any case allowing putative "joint employer discovery" as to persons who are *directly employed by unnamed third-parties outside of the court's jurisdiction*. Plaintiff relies solely on *Douglas v. Xerox Bus. Servs.*, however, that case is not controlling and distinguishable, as the issue in *Douglas* was whether or not a conditionally certified class included persons paid by defendant's *subsidiary* who were in defendant's payroll and HRIS systems. *Id.* at * 2. Here, neither IF Healthcare nor IF of California has *any* subsidiaries. *See* Interrogatory No. 3.[6] The remaining cases Plaintiff cites simply state the basic criteria for joint employment under the FLSA, and do not even address the proper scope of discovery, nor the issue of obtaining discovery as to non-defendant entities. The law is clear that discovery as to employees of a putative joint employer is improper where the *direct employer* is not a party to the case. *See Gessele v. Jack in the Box, Inc.*, 2013 WL 1326563, *22 (D. Or. Jan. 28, 2013), 2013 WL 1326538 (D. Or. Apr. 1, 2013); *Ruiz v. Fernandez*, 2012 WL 12917120, *3 (E.D. Wash. Oct. 19, 2012) (denying request for discovery as to employees of putative joint employer where "[t]he question in th[e] litigation [was] whether Western Range acted as employer of the plaintiff workers for the purposes of the FLSA, not whether Western Range acted as employer for other persons who are not party to this suit. … The Court finds that Plaintiffs' request is overly broad, not relevant, and not likely to lead to any relevant discovery in this litigation"); *Lopez v. Assurance Quality Grp., Inc.*, 2013 WL

---

[5] Plaintiff not only seeks discovery as to other ImageFIRST entities, but also as to any non-party, non-California *franchisees* of IF Healthcare. *See, e.g.,* RFP Nos. 5, 12, 16, and 23.

[6] In addition, the "collection" of cases in *Douglas* are inapposite because the purported joint employers in those cases were all named defendants and subject to the court's jurisdiction. *Khadera v. ABM Indus. Inc.*, 2012 WL 588754, at *1 (W.D. Wash. Feb. 21, 2012) (defendant was a subsidiary and wholly owned by co-defendant); *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *3 (N.D. Tex. Oct. 7, 2004) (putative joint employer was a named defendant).

4

12090613, *6 (N.D. Ga. Nov. 8, 2013), 2013 WL 12091211 (N.D. Ga. Dec. 10, 2013) ("'[T]he doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions'"). Plaintiff cannot distinguish these cases because the threshold inquiry is whether the Court has personal jurisdiction over an entity *in the first instance*, irrespective of what theories are pled in a complaint. Even where courts permit limited discovery as to joint employer status, courts do not permit discovery into the *underlying merits* of the claim (here, *e.g.*, whether "drivers" were misclassified) and limit discovery to only named defendants. *See Napoto v. DHL Exp. (USA), Inc.*, 2009 WL 1974412, *3 (N.D. Cal. July 2, 2009) (allowing "parties to engage in limited discovery" on narrow issue of joint employment as to named defendants); *Dixon v. Zabka*, 2014 WL 6084351, *2 (D. Conn. Nov. 13, 2014) (approving bifurcated discovery process to determine whether named defendant was a joint employer).

Plaintiff has not made a *prima facie* showing that IF Healthcare is a joint employer as to "drivers" employed by IF of California, and certainly not as to "drivers" directly employed by unnamed, non-California entities. Plaintiff relies on hearsay and unauthenticated evidence to create the impression IF Healthcare is a putative joint employer. For example, Plaintiff seeks discovery of IF Healthcare's "franchisees", but he relies exclusively on purported "evidence" of IF documents applicable only to IF entities, not franchisees. The Court has not adjudicated the issue of joint employment, and Plaintiff's arguments impermissibly presuppose a finding in his favor. That issue will only be decided if and when the Court certifies a collective action.

**Main Dispute Two:  "14th Amendment" Objection**

Plaintiff's Final Substantive Position:  Plaintiff asked for a series of documents and information that were in Corporate and California's possession, custody or control.  Defendants refused to provide documents and information claiming to do so would violate some unidentified third-party's 14th Amendment rights. Plaintiff is ***not*** seeking to hail into this Court a third-party for which there is no personal jurisdiction.  Rather, Plaintiff is seeking discovery from these two Defendants ***over which this Court has personal jurisdiction***.  (Dkts. 23 and 25.)  To the extent that Corporate is found to be an employer, joint employer, part of a single enterprise or agency of delivery drivers across the United

5

States, this Court has jurisdiction over Corporate to render a judgment against it for violating federal and California wage and hour laws. There is no 14th Amendment due process concern implicated. Corporate's objection is designed to cordon off discovery into all operations it owns, operates and controls outside of California, where it doubtless employs putative collective action members, across the country.

Plaintiff's Final Compromise:  The Court should overrule this "14th Amendment" objection in Corporate's response to Request for Production Nos. 1, 3, 5-12, 14-37, 39, 41, 45 and Interrogatory Nos. 1-4, 6-14 and in California's response to Request for Production Nos. 1, 4, 7, 8-12, 14, 18, 25-39, 41, 43 and Interrogatory Nos. 4, 8, 10, 12, 14.

Defendants' Position:  His requests should be denied for the reasons stated in Defendants' section above.

**Main Dispute Three:  "No Collective or Class Discovery" Objection**

Plaintiff's Final Substantive Position:  Defendants refuse to provide information for the putative collective and class action members and contend that class discovery is premature. Judge Hamilton has set a June 14, 2017 deadline for Plaintiff's to file his certification motions, so it is untenable to claim that class discovery is premature. Defendants' position is also entirely inconsistent with case law in this District. *See Salazar v. McDonald's Corp.*, No. 14-cv-02096-RS(MEJ), 2016 WL 736213, *5 (N.D. Cal. Feb. 25, 2016) (collecting and discussing cases from this district). In addition to plainly being discoverable under the authority cited above, the putative collective action members are also witnesses and are discoverable on this ground. Fed. R. Civ. P. 26(b)(1); *American Floral Services, Inc. v. Florists Transworld Delivery Ass'n*, 107 FRD 258, 260 (N.D. Il. 1985). Defendants' arguments are irrelevant to this issue at hand – a discovery matter. Defendants also make numerous factual statements, such as the number of California delivery drivers, drivers who allegedly signed arbitration agreements and the scope of their job duties and compensation, ***but Defendants have produced nothing verifying these contentions*** and have apparently ignored their Rule 26 disclosure obligations Defendants' position on discovery - that they can refuse to respond and wait to blurt out untested "facts" in letters - is not the

6

way the Federal Rules envision discovery.  Finally, it is Plaintiff's primary job duties – those of a delivery driver – not his job title, which controls his exempt status.  29 C.F.R. § 541.2.

<u>Plaintiff's Final Compromise</u>:  The Court should overrule this "No Collective or Class Discovery" objection contained in Corporate's response to Request for Production Nos. 8-12, 14, 17-26, 29-32, 34, 36, 39, 41, 43, 45 and Interrogatory Nos. 9-13, 15 and in California's response to Request for Production Nos. 8-12, 14, 25, 26, 29-34, 36, 39, 41, 43 and Interrogatory Nos. 9, 10, 12.

<u>Defendants' Position</u>:  First, discovery of putative collective action members' names/contact information would entirely circumvent the judicially supervised notice procedure mandated by the FLSA which contemplates disclosure of such information only if a court has certified a collective action. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (the notice process is a court-supervised process and disclosure of contact information appropriate *only when* a class is conditionally certified); *Gilbert v. Citigroup, Inc.*, 2009 WL 424320, *5 (N.D. Cal. Feb. 18, 2009); *Felix v. Davis Moreno Const., Inc.*, 2008 WL 4104261, *8 (E.D. Cal. Sept. 3, 2008).  Even when a collective action is conditionally certified, the court – not counsel – controls dissemination of any notice/contact with employees.  *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128-29 (N.D. Cal. 2009).

Second, all putative collective/class members who signed arbitration agreements containing collective/class action waivers must be excluded from any discovery. *See Aho v. AmeriCredit Fin. Servs., Inc.*, 277 F.R.D. 609, 617 (S.D. Cal. 2011) (held plaintiff could not represent individuals who signed arbitration agreements and excluded them from the proposed class); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 116 (S.D.N.Y. 2009); *Mitchell v. American Fair Credit Ass'n*, 99 Cal. App. 4th 1345, 1349 (2002); *Dienese v. McKenzie Check Advance of Wis., LLC*, 2000 WL 34511333, *8 (E.D. Wis. Dec. 11, 2000); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 725 n.5 (11th Cir. 1987). Here, almost 90% of Customer Advocates/Route Specialists employed by the non-party entities signed arbitration agreements with such waivers. Plaintiff's argument that Defendants have not verified the number of "drivers" who signed arbitration agreements has no bearing on this dispute—he failed to request this information until only recently, even though Defendants identified the fact of

7

these agreements in their answers and in the joint CMC statement. Third, Plaintiff cannot make a *prima facie* case for class certification under Rule 23, and is not entitled to classwide discovery at this juncture. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). The putative Rule 23 California class consists of *only about 16 persons*, far short of the numerosity required for certification. *See General Telephone Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 and n.14 (1980) (15 putative class members too small to meet the numerosity requirement; citing cases where 40 class members was also too small); *Standiford v. Palm, Inc.*, 2011 U.S. Dist. LEXIS 54782, *20-21 (N.D. Cal. May 20, 2011). Also, Plaintiff cannot show typicality or commonality because he was employed at a single location as a *salaried* "Service Supervisor;" but he seeks to represent Customer Advocates/Route Specialists, who were paid on a *commission* basis, had *non-managerial* job duties, and worked at *different* locations. Contrary to his argument, IF of California *produced* the job descriptions for each position at issue. Rule 23 California class discovery should be denied in this context. *Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, *2 (S.D. Cal. Jun. 23, 2008); *Williams v. Veolia Transp. Services, Inc.*, 2008 WL 7389430, *2-3 (C.D. Cal. Dec. 17, 2008); *Silva v. Avalonbay Communities, Inc.*, 2015 WL 11438549, *2-3 (C.D. Cal. Sept. 2, 2015); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507-08 (C.D. Cal. 2011); *Salgado v. O'Lakes*, 2014 WL 7272784, *5 (E.D. Cal. Dec. 18, 2014). At a minimum, the scope of any putative class discovery should be *limited* to Plaintiff's work location in Hayward. *Coleman v. Jenny Craig, Inc.*, 2013 WL 2896884, *8-9 (S.D. Cal. Jun. 12, 2013); *Franco v. Bank of America*, 2009 WL 8729265, *3-4 (S.D. Cal. Dec. 1, 2009); *Brecher v. Citigroup Glob. Markets, Inc.*, 2013 WL 5535915, *4 (C.D. Cal. Oct. 7, 2013).

Plaintiff's cite to *Salazar v. McDonald's Corp.*, 2016 WL 736213 (N.D. Cal. Feb. 25, 2016), is distinguishable. Unlike here, the plaintiff in *Salazar* sought discovery from *only name defendants* and only as to putative Rule 23 class members *employed in California*. *Id*. at *1.[7]

---

[7] Also, the *Salazar* court granted summary judgment to McDonald's Corp., finding that it did *not* jointly employ the named plaintiffs because it did not retain or exert direct or indirect control over their hiring, firing, wages or working conditions. *Salazar v. McDonald's Corp.*, 2016 WL 4394165, *1 (N.D. Cal. Aug. 16, 2016); and 2017 WL 950986 (N.D. Cal. Mar. 10, 2017).