1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, SBN 168181
2  NANCY VILLARREAL, SBN 273604
   One Market, Spear Street Tower
3  San Francisco, California  94105-1126
   Telephone: 415.442.1000
4  Facsimile: 415.442.1001
   Email: eric.meckley@morganlewis.com
5  Email: nancy.villarreal@morganlewis.com

6  Counsel for Defendants
   IMAGEFIRST HEALTHCARE LAUNDRY
7  SPECIALISTS, INC.; IMAGEFIRST OF
   CALIFORNIA, LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12
   KYLE L. CAMPANELLI, on his own behalf       Case No. 4:15-cv-04456-PJH
13 and on behalf of all others similarly situated,,
                                                **DEFENDANTS IMAGEFIRST**
14              Plaintiff,                       **HEALTHCARE LAUNDRY**
                                                **SPECIALISTS, INC. AND IMAGEFIRST**
15       vs.                                     **OF CALIFORNIA, LLC'S MOTION FOR**
                                                **RELIEF FROM NON-DISPOSITIVE**
16 IMAGE FIRST HEALTHCARE LAUNDRY               **PRE-TRIAL ORDER OF A**
   SPECIALISTS, INC.; IMAGE FIRST OF            **MAGISTRATE JUDGE**
17 CALIFORNIA, LLC,
                                                **[LOCAL RULE 72-2; FRCP RULE 72(A);**
18              Defendants.                      **28 U.S.C. § 636(B)(1)(A)]**

19

20                                              Judge:     Hon. Phyllis J. Hamilton

21

22

23

24

25

26

27

28

I.     **INTRODUCTION**

Pursuant to Local Rule 72-2, FRCP 72(a), and 28 U.S.C. § 636(b)(1)(A), Defendants ImageFIRST Healthcare Laundry Specialists, Inc. ("IF Healthcare") and ImageFIRST of California, LLC ("IF of California") (collectively, "Defendants") move for relief from the Magistrate Judge's discovery order dated April 18, 2017 (Dkt. 72) ("Order") on the grounds the ruling is contrary to law and clearly erroneous. Defendants challenge the part of the Order granting Plaintiff Kyle Campanelli's requests for discovery from IF Healthcare (RFP Nos. 5, 6, 9, 10, 11, 12, 14, 15, 21, 22, 26, 37, 43, and 45; Interrogatories Nos. 1, 2, 3, 4, 9, 10, 11, 12, 14 and 15) and IF California (RFP Nos. 9, 10, 25, 26, 27, 28, 29, 32, and 39; Interrogatories Nos. 4, 8, 9, 10, 12, and 14). The Order was contrary to law and clearly erroneous by allowing discovery as to: (1) putative collective action members prior to conditional certification being granted; (2) any individuals who signed arbitration agreements and cannot be part of any putative class or collective action; and (3) any individuals employed by non-party, non-California entities, like former defendant ImageFIRST Uniform Rental Service, Inc. ("IFURS"), over whom this Court lacks personal jurisdiction.

II.    **ARGUMENT**

A district court may modify or set aside a magistrate judge's non-dispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). A finding of fact is clearly erroneous if the court is left with the "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCaffrey*, 1998 WL 164946, *2 (N.D. Cal. Mar. 16, 1998).

A.     **Allowing Discovery Regarding Putative Collective Action and Putative Class Members Was Contrary To Law and Constituted Clear Error.**

Plaintiff alleges a putative FLSA collective action and, separately, a putative Rule 23 California class action. The Order clearly erred by ignoring the different discovery standards applicable to these two different types of actions and by failing to provide a legal basis for requiring collective action merits discovery. First, the Order clearly erred in granting Plaintiff's request for

1    names and contact information of putative collective action members, because such discovery

2    circumvents the judicially supervised notice procedure mandated by the FLSA, which provides for

3    disclosure of such information *only if and after* the court certifies a collective action.[1] And, even

4    when a collective action is conditionally certified, the court—not counsel—controls dissemination

5    of any notice/contact with employees. *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124,

6    1128-29 (N.D. Cal. 2009). Second, the Order was contrary to law and erred by allowing *substantive*

7    *merits discovery* of individual putative FLSA collective action members, including their payroll and

8    compensation data and all documents supporting Defendants' affirmative defenses that these

9    persons qualify as exempt, *before* any individuals have opted in to any conditionally certified

10   action. An FLSA collective action consists of a two-stage process:  the first "notice" stage, at which

11   the Court determines whether notice should be sent to prospective plaintiffs giving them the

12   opportunity to "opt in." [2]  Allowing merits discovery prior to the first stage is error.  *Stephens v.*

13   *Erosion Containment Mgmt, Inc.*, No. 807-CV-1995-T-30MAP, 2008 WL 2157095, *1 (M.D. Fla.

14   May 21, 2008) (discovery of other employees and potential class members "is premature and is only

15   'suitable after step one is completed and conditional certification is made'"); *Brooks v. BellSouth*

16   *Telecomm., Inc.*, 164 F.R.D. 561, 571 (N.D. Ala. 1995); *H & R Block, Ltd. v. Housden*, 186 F.R.D.

17   399, 401 (E.D. Tex. 1999); *Fishman v. Marcouse*, 32 F. Supp. 460, 461-463 (E.D. Pa. 1940)

18   (denying request for payroll and other information of putative collective action members).  The

19   Order opens the door to merits discovery of individuals who may never opt in to this case.

20        Third, the Order clearly erred by allowing discovery of putative class action members when

21   Plaintiff cannot make a *prima facie* case for class certification under Rule 23, and is not entitled to

22   classwide discovery. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger v.*

23

24   _____

[1] *Hoffmann*-La *Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (the notice process is a court-
supervised process and disclosure of contact information appropriate *only when* a class is
25   conditionally certified); *see also Gilbert v. Citigroup, Inc.*, 2009 WL 424320, *5 (N.D. Cal. Feb. 18,
2009); *Felix v. Davis Moreno Const., Inc.*, 2008 WL 4104261, *8 (E.D. Cal. Sept. 3, 2008).

26   [2] *See Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 427 (N.D. Cal. 2010); *Stanfield v. First NLC*
*Fin. Servs., LLC*, 2006 WL 3190527, *2 (N.D. Cal. Nov. 1, 2006) (granting conditional certification
27   because "[a]t this juncture, the Court will only make an initial determination of whether collective
action members are similarly situated, as discovery has not yet been conducted"); *Chavez v. Lumber*
28   *Liquidators, Inc.*, 2011 WL 809453, *2 (N.D. Cal. Mar. 2, 2011) (denying conditional certification
and stating "a motion for conditional certification usually comes before much, if any, discovery, and
is made in anticipation of a later more searching review").

Defendants' Motion for Relief
CASE NO. 4:15-CV-04456-PJH

*Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). The putative Rule 23 class consists of about 15 persons, far short of the numerosity required under Rule 23. Declaration of Jim Malandra ¶ 4. *General Telephone Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 and n.14 (1980) (15 class members "would be too small to meet the numerosity requirement", citing cases in which numerosity was not met with as many as 40 class members); *Standiford v. Palm, Inc.*, 2011 U.S. Dist. LEXIS 54782, *20-21 (N.D. Cal. May 20, 2011). Also, the Order erred in granting Plaintiff Rule 23 class discovery because he cannot show typicality or commonality given he was employed at a single location as a *salaried* "Service Supervisor;" but he seeks to represent Customer Advocates/Route Specialists, who were paid on a *commission* basis, had *non-managerial* job duties, and worked at *different* locations.[3]

### B.    Allowing Discovery of Individuals Who Signed Arbitration Agreements Was Contrary To Law and Constituted Clear Error.

The Order was contrary to law by allowing discovery as to individuals who signed arbitration agreements, because those individuals cannot be part of any putative class or collective action. *Aho v. AmeriCredit Fin. Servs., Inc.*, 277 F.R.D. 609, 617 (S.D. Cal. 2011) (concluding plaintiff could not represent individuals who signed arbitration agreements and excluding such individuals from proposed class); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 116 (S.D.N.Y. 2009); *Mitchell v. American Fair Credit Ass'n*, 99 Cal. App. 4th 1345, 1349 (2002); *Dienese v. McKenzie Check Advance of Wis., LLC*, 2000 WL 34511333, *8 (E.D. Wis. Dec. 11, 2000); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 725 n.5 (11th Cir. 1987). Here, virtually all Customer Advocates/Route Specialists signed one or more arbitration agreements that preclude them from being included in any class and collective action. Malandra Decl. ¶¶ 4, 5 and 7, Exs. 1-3. Allowing *any* discovery (let alone merits discovery) of individuals who signed arbitration agreements was clear error.[4] Defendants have filed a separate motion to stay this action until the

---

[3] *Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, *2 (S.D. Cal. Jun. 23, 2008); *Williams v. Veolia Transp. Services, Inc.*, 2008 WL 7389430, *2-3 (C.D. Cal. Dec. 17, 2008); *Silva v. Avalonbay Communities, Inc.*, 2015 WL 11438549, *2-3 (C.D. Cal. Sept. 2, 2015); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 507-08 (C.D. Cal. 2011); *Salgado v. O'Lakes*, 2014 WL 7272784, *5 (E.D. Cal. Dec. 18, 2014).

[4] *See Kesley v. Entm't U.S.A. Inc.*, 2015 WL 4064715, *3 (D. Ariz. July 2, 2015) ("representative discovery will be limited to those opt-in plaintiffs who have not signed arbitration agreements"); *Agerbrink v. Model Serv. LLC*, 2017 WL 933095, *7–8 (S.D.N.Y. Mar. 8, 2017) (compelling

Defendants' Motion for Relief
CASE NO. 4:15-CV-04456-PJH

1  U.S. Supreme Court decides whether an arbitration agreement with a class and collective action

2  waiver is enforceable under the Federal Arbitration Act.[5] Resolution of that question likely will be

3  dispositive as to the scope of the present action.

4    **C.     Allowing Discovery of Non-Party, Non-California Entities Was Contrary To
         Law and Constituted Clear Error.**

5

6          The Order clearly erred by granting discovery as to persons that Plaintiff claims are jointly

7  employed by IF Healthcare and other non-California, non-party entities over which the Court lacks

8  personal jurisdiction. Customer Advocates/Route Specialists are employed by different entities that

9  operate independently in numerous states throughout the U.S. However, just like former defendant

10  ImageFIRST Uniform Rental Service, Inc. ("IFURS"), which this Court dismissed for lack of

11  jurisdiction, these other non-California entities have no connection with California and this Court

12  lacks personal jurisdiction over them. As this Court already held, the threshold query under the 14th

13  Amendment is whether a court has personal jurisdiction over an entity. The Order ignored this

14  question simply because Plaintiff alleged a "joint employer" theory. But, this Court was clear when

15  it previously held: "[W]e have to decide jurisdiction first. What are the specific contacts with the

16  forum state? And I don't think it's sufficient for you to simply say he was the employer. That has

17  not yet been established." Dkt. 42 at p. 10. The Order is based on the theory that, because

18  jurisdiction exists over IF Healthcare, Plaintiff can conduct discovery into purported "joint

19  employees" of IF Healthcare, even if those purported "joint employees" all reside outside of

20  California and are employed by non-California, non-party entities. Not only did this Court

21  previously reject this same argument,[6] but the sole case cited in the Order - *Salazar v. McDonald's*

22  *Corp.*, 2016 WL 736213, *5 (N.D. Cal. Feb. 25, 2016) - is inapposite, because plaintiff in *Salazar*

23  sought discovery from *only named defendants* and *only as to putative Rule 23 class members*

24

25  defendant to produce data for collective action members "except for those with arbitration
   agreements").

26  [5] *See Epic Systems Corp. v. Lewis*, Nos. 16–285, 16–300 & 16–307, ___ U.S. ___, 2017 WL

27  125664 (U.S. Jan. 13, 2017), which is expected to be heard by the Supreme Court in October 2017.

28  [6] *See* Dkt. 51 at p. 12, where this Court stated: "Even if IF Uniform were liable under a 'joint
   employer' theory, this does not establish that a separate, non-resident corporate entity without
   minimum contacts can be hailed into a California court… Before a court has any authority to
   address questions of liability, it must first be satisfied personal jurisdiction over a defendant exists."

*employed in California.  Salazar*, 2016 WL 736213 at *1. The Order erred by allowing discovery as to putative joint employees where the *direct employer* is not a party to the case. *Gessele v. Jack in the Box, Inc.*, 2013 WL 1326563, *22 (D. Or. Jan. 28, 2013), 2013 WL 1326538 (D. Or. Apr. 1, 2013).[7] In fact, the Order ignored this Court's prior ruling that Plaintiff failed to make a *prima facie* showing with respect to joint employment between IF Healthcare and IFURS. *See* Dkt. 51 at p. 14.

The Order also clearly erred by failing to distinguish ImageFIRST entities from franchisees. Plaintiff's purported "prima facie" showing of joint employment consisted solely of supposed evidence regarding the relationship between IF Healthcare and non-party ImageFIRST entities (like the previously dismissed IFURS). Yet, nothing in Plaintiff's showing pertained to any relationship between franchisees with IF Healthcare.  It is undisputed that Plaintiff was employed by an ImageFIRST entity, *not* a franchisee.[8] Thus it was clear error to allow discovery as to franchisees based upon documents/information that related only to ImageFIRST operating entities and not franchisees, as a court should make an "apples to apples" evidentiary analysis to determine whether a *prima facie* case has been met regarding alleged joint employment status.[9] *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The Magistrate did not hold a hearing before issuing the Order. Defendants respectfully request that the Court set a hearing prior to ruling on Defendants' Motion for Relief, and request that the hearing on the Motion for Relief be scheduled to coincide with the hearing on Defendant's concurrently filed Motion to Stay (which has been noticed for June 7, 2017).

Dated: May 2, 2017                         MORGAN, LEWIS & BOCKIUS

                                           _____
                                           */s/ Eric Meckley*
                                           Attorneys for Defendants

---

[7] *See also*; *Ruiz v. Fernandez*, 2012 WL 12917120, *3 (E.D. Wash. Oct. 19, 2012) (denying request for discovery as to employees of putative joint employer where "[t]he question in th[e] litigation [was] whether Western Range acted as employer of the plaintiff workers for the purposes of the FLSA, not whether Western Range acted as employer for other persons who are not party to this suit. … The Court finds that Plaintiffs' request is overly broad, not relevant, and not likely to lead to any relevant discovery in this litigation"); *Lopez v. Assurance Quality Grp., Inc.*, 2013 WL 12090613, *6 (N.D. Ga. Nov. 8, 2013), 2013 WL 12091211 (N.D. Ga. Dec. 10, 2013) ("'[T]he doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions'").
[8] Plaintiff was employed by IF California. The Order incorrectly stated that defendant IF California is a franchisee of IF Healthcare, which is simply false. *See* Interrogatory No. 6 at Dkt. 70-2, p. 9.
[9] Also, neither IF Healthcare nor IF of California has *any* subsidiaries.  Interrogatory No. 3 at Dkt. 70-1 and 70-2, pp. 6-7.

Defendants' Motion for Relief
CASE NO. 4:15-CV-04456-PJH