UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE L. CAMPANELLI,

Plaintiff,

v.

IMAGE FIRST HEALTHCARE LAUNDRY SPECIALISTS, INC., et al.,

Defendants.

Case No. 15-cv-04456-PJH

**ORDER GRANTING MOTION TO STAY IN PART; DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE MAGISTRATE JUDGE'S ORDER**

Re: Dkt. Nos. 75, 77

Defendants' motions to stay all class and collective action proceedings, and for relief from a non-dispositive magistrate judge's order, came on for hearing before this court on June 7, 2017. Plaintiff appeared through his counsel, Brian Malloy and David Feola. Defendants appeared through their counsel, Eric Meckley. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to stay in part and DENIES the motion for relief from the magistrate judge's order, for the following reasons.

## BACKGROUND

### A. Factual Allegations

This is a putative class/collective action alleging violations of the Fair Labor Standards Act ("FLSA") and California labor laws. Plaintiff Kyle Campanelli was employed by ImageFIRST of California as a delivery person from March 2014 to March 3, 2015. Dkt. 11, First Amended Complaint ("FAC") ¶ 4, 33. The FAC named three ImageFIRST companies as defendants: (1) ImageFIRST Uniform Rental Service, Inc. ("IF Uniform"); (2) ImageFIRST Healthcare Laundry Specialists, Inc. ("IF Healthcare"); and (3) ImageFIRST of California, LLC ("IF California"). IF Uniform, as explained below, was subsequently dismissed for lack of personal jurisdiction. Dkt. 51.

United States District Court
Northern District of California

Plaintiff's primary job duty was to pick up soiled laundry from ImageFIRST customers and deliver it to a warehouse/laundry center, and to pick up clean laundry from the warehouse/laundry center and deliver it to ImageFIRST customers. FAC ¶ 33. Campanelli alleges that he worked over forty hours a week but was denied meals and rest periods, and was never paid overtime compensation. FAC ¶ 36.

Campanelli seeks to represent all similarly situated delivery persons of any ImageFIRST entity nationwide (the "National Collective") in a collective action for failure to pay overtime wages under FLSA. FAC ¶¶ 4, 37–41. Campanelli also seeks to represent a Rule 23 class of similarly situated delivery persons who were wrongly classified as exempt under California labor laws (the "California Class"). FAC ¶¶ 42–51.

Plaintiff defines similarly situated employees as "past and present employees of ImageFIRST who engage/were engaged in the pick-up and delivery of ImageFIRST products to and from customers intrastate however that employment was denominated . . . and who were classified as exempt from Federal and state overtime laws." FAC ¶ 7. Plaintiff alleges that ImageFIRST delivery persons should not be exempt as they perform substantial manual labor, are not directly related to management or business operations, and are not involved in the exercise of discretion and independent judgment with respect to matters of significance. FAC ¶¶ 16, 19. The national collective action relies on alleged violations of the FLSA; the California Class relies on alleged violations of a number of provisions in the California Labor Code and Business and Professions Code.

**B. Procedural History**

IF California and IF Healthcare answered the complaint, and IF California admitted to employing Campanelli. Dkt. 23, 25. IF Uniform, however, filed a motion to dismiss for lack of personal jurisdiction on February 2, 2016. Dkt. 22. Following a hearing, the court permitted jurisdictional discovery and ordered supplemental briefing with respect to the motion to dismiss. Dkt. 40. On June 7, 2016, plaintiff filed a motion to compel regarding the jurisdictional discovery. The court denied the motion to compel, Dkt. 47, and subsequently granted the motion to dismiss IF Uniform. Dkt. 51.

Following the entry of a protective order, Dkt. 58, plaintiff sought discovery from the remaining two defendants. Defendants objected to plaintiff's first round of interrogatories and requests for production of documents, and plaintiff filed a motion to compel on March 7, 2017. Dkt. 60. The matter was referred to Magistrate Judge Sallie Kim. Dkt. 66, 67.

On April 18, 2017, Judge Kim granted plaintiff's motion to compel in part. See Dkt. 72, 73. Specifically, Judge Kim overruled defendants' three objections to discovery: (1) that other ImageFIRST subsidiaries were the employers of the drivers that formed the putative class; (2) that the requests violated the Fourteenth Amendment rights of third parties (other ImageFIRST subsidiaries or franchisees); and (3) that class discovery was inappropriate because no class had yet been certified. Dkt. 72 at 1–3. However, Judge Kim found that some of defendants' objections based on "burden or vagueness" had merit. Id. at 2.

**C. The Instant Motions**

On May 2, 2017, defendants filed a motion to stay all class and collective action proceedings until the Supreme Court issues a decision in Epic Systems Corp. v. Lewis, No. 16-285 ("Epic"), and the cases consolidated with Epic, including the Ninth Circuit's decision in Morris v. Ernst & Young, LLP, 834 F.3d 975 (9th Cir. 2016) ("Morris"). Dkt. 77. In Epic, which is expected to be heard in the fall of 2017, the Supreme Court will address whether "an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act." See Petition for a Writ of Certiorari, Epic, 2016 WL 4611259 at i, cert. granted, 137 S.Ct. 809 (U.S. Jan. 13, 2017).

The Ninth Circuit held in Morris that general collective action waivers are not enforceable as to employment-related disputes because the National Labor Relations Act ("NLRA") "precludes contracts that foreclose the possibility of concerted work-related legal claims." Morris, 834 F.3d at 990. Thus, "[a]n employer may not condition

employment on the requirement that an employee sign" a concerted action waiver. Id. In Epic, the Supreme Court will a resolve a circuit split as to the enforceability of arbitration agreements/concerted action waivers in this context.

Defendants filed a motion for relief from Magistrate Judge Kim's discovery orders on the same day as their motion to stay. Dkt. 77. Defendants assert a number of legal errors, which all relate to permitting discovery regarding employees of ImageFIRST entities who are not named defendants. On May 18, 2017, the court ordered the plaintiff to file a response to the motion for relief. Dkt. 82. Both motions are fully briefed and ripe for decision.

## DISCUSSION

### A. Legal Standards

#### 1. Motions to Stay

A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936). For the sake of judicial economy, such a stay may be granted pending the outcome of other legal proceedings related to the case. Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979). The separate proceedings may be judicial, administrative, or arbitral in nature, id., and the issues in the two proceedings need not be identical, Landis, 299 U.S. at 256.

The district court's determination of whether a stay is appropriate "must weigh competing interests and maintain an even balance." Id. at 254–55. These competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254–55).

If there is "even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay must "make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005). In addition, a stay should not be granted unless it appears likely that the other proceeding will be concluded within a reasonable time in relationship to the urgency of the claims presented to the court. Leyva, 593 F.2d at 864.

**2. Motions for Relief from a Non-dispositive Magistrate Judge's Order**

A district court may modify or set aside an order of a magistrate judge on a non-dispositive matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this "deferential" standard, the district court may not "substitute its judgment" for that of the magistrate judge. United States v. Abonce-Barrera, 257 F.3d 959, 968 (9th Cir. 2001); Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

A finding of fact may be set aside as clearly erroneous only if the court has "a definite and firm conviction that a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992). However, the "magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

**B. Analysis**

**1. Whether the Court Should Stay the Case Pending a Decision in Epic**

Defendants' motion to stay argues that "virtually all" of the putative class members have signed arbitration agreements that include a concerted action waiver. If the Supreme Court overturns the Ninth Circuit's decision in Morris, it is possible that many putative class members will be precluded from participating in a class or collective action. Defendants therefore argue that the decision in Epic could have a dramatic impact on the size of the putative class/collective in this case.

Plaintiff, for his part, argues that defendants have not shown that any class members are subject to binding arbitration agreements, because defendants rely on only a "hearsay" declaration that does not attach any signed, dated agreements. Even if defendants' evidence is accepted, plaintiff claims that a stay is inappropriate because any further delay in this case would affect the rights of the putative class. Plaintiff also accuses defendants of coercing putative class members to sign misleading agreements during the pendency of this suit, and of seeking a stay primarily to avoid discovery.

In similar cases, courts in this district have divided over whether to grant stays pending a decision in Epic. Compare, e.g., McElrath v. Uber Techs., Inc., No. 16-CV-07241-JSC, 2017 WL 1175591, at *5–*7 (N.D. Cal. Mar. 30, 2017) (granting stay because "whether this case can proceed as a class action turns squarely on the outcome of the Supreme Court's review of Morris") with Daugherty v. SolarCity Corp., No. C 16-05155 WHA, 2017 WL 386253, at *4 (N.D. Cal. Jan. 26, 2017) ("A decision in Morris remains many months, perhaps even more than a year away. Given the extent of that possible delay, a stay is not warranted."); see also Whitworth v. SolarCity Corp., No. 16-CV-01540-JSC, 2017 WL 2081155, at *4 (N.D. Cal. May 15, 2017) (analyzing the split in the Northern District of California regarding stays in light of Morris/Epic).

Under the particular circumstances of this case, the court finds that a stay is appropriate because two preliminary legal issues must be resolved before the propriety of class/collective certification can be determined. Before the court can make a decision to certify a class or collective, the scope of the putative class must be clear. This requires a judicial determination as to (1) whether the employees of non-party ImageFIRST entities are properly part of the putative class; and (2) whether the alleged arbitration agreements are enforceable, and if so, how many putative class members have signed concerted action waivers. Because the court concludes that it would be inefficient to proceed to the certification stage until these two issues are resolved, the court GRANTS defendants' motion to stay this case in part.

///

The first issue, which has been contested throughout this suit, is which ImageFIRST entities may be held liable by this court for violations of FLSA. This issue hinges on whether IF Healthcare may be considered the "employer" of some or all of the putative class members, as plaintiff maintains. On the one hand, only two ImageFIRST entities are named as defendants in this action, and defendants' evidence regarding arbitration agreements addressed the employees of ten ImageFIRST entities in eight states. See Dkt. 78 ¶ 2. However, plaintiff claims that all similarly-situated employees of any ImageFIRST entity in the United States may be included in the putative class under a "joint employer"/"single enterprise" theory, potentially reaching both the subsidiaries of IF Healthcare and ImageFIRST franchisees with operations in as many as 40 states. Since this legal issue may be determinative of the numerosity requirement of Rule 23, as well as which employees must be given notice of the collective action, the scope of "joint employer" liability must be resolved prior to certification.

The second legal issue is the existence and enforceability of the alleged arbitration agreements/class action waivers signed by putative class members. Typically, this issue would be resolved on a motion to compel arbitration, but since Campanelli himself has not signed a waiver, such a motion is neither necessary nor appropriate in this case. Regardless of the status of the named plaintiff, the arbitration agreements, if enforceable, may have a significant impact of the size of the class. However, the evidence submitted by defendants is inadequate to compel arbitration at this time, both because these agreements are not (currently) enforceable under the rule of Morris, and because defendants did not submit any signed, dated arbitration agreements. If the Supreme Court ultimately overturns Morris and concludes that these types of agreements are enforceable, defendants will be permitted an opportunity to move for summary judgment as to whether certain putative class members are precluded by contract from participating in the class/collective. If necessary, defendants may submit the signed agreements in camera for inspection by the court at that time.

///

Conservation of judicial resources supports the court's decision to grant a partial stay. The court finds that it would be waste of the court's and the parties' resources to permit wide-ranging class discovery when it is still not clear (1) which ImageFIRST employees, beyond those of the named defendants, are properly part of the putative class; and (2) whether a significant group of these employees have waived their rights to proceed in a class or collective action.

Under these circumstances, the court finds that the balance of equities and the orderly course of justice favors a partial stay. Plaintiff's primary claim of harm from the stay rests on the fact that this case has been pending for nearly two years already. However, most of this delay was the result of plaintiff's decision to sue an entity over which this court lacked personal jurisdiction. The stay will not be unduly long, as Epic will be heard this fall and likely decided by early 2018. Moreover, as explained below, the case can continue to proceed in the meantime in a limited fashion. The stay will therefore not materially delay the resolution of plaintiff's claims; instead, its primary effect is simply to change the order in which the issues in this case are decided.

Staying the case pending Epic will simplify the issues in this litigation and avoid potentially complex choice of law issues as to the nationwide collective. Several circuits have held, contrary to the Ninth Circuit's decision in Morris, that concerted action waivers are enforceable against employees despite the NLRA. Thus, until the Supreme Court resolves the circuit split, the arbitration agreements that defendants rely on may be enforceable as to ImageFIRST entities in some states, but not others.

For these reasons, the court hereby STAYS all class and collective action proceedings pending the decision in Epic, with the single exception of the "joint employer" issue. Since Epic will have no impact on that issue, the court finds that it should be litigated and resolved during the pendency of the partial stay.

While Epic is pending, plaintiff will be afforded an opportunity to obtain discovery on his "joint employer" theory and to move for summary judgment on the issue. Both the court and the parties will thus have clarity as to which ImageFIRST entities may be

considered to be an "employer" for purposes of plaintiff's FLSA claims. A ruling on the "employer" issue will streamline the remainder of the case, particularly the certification proceedings.

After Epic is decided, defendants will be afforded an opportunity to move for summary judgment on the arbitration issue should the Supreme Court overturn Morris. If Morris is left intact, the arbitration issue becomes moot and the court will reset the briefing schedule for class certification at that time.

**2. The Motion for Relief from Magistrate Judge Kim's Orders**

The court DENIES the motion for relief from Magistrate Judge Kim's discovery orders. With one possible exception, Magistrate Judge Kim's orders were neither "clearly erroneous" nor "contrary to law." However, because all discovery in this case—save on the "joint employer" issue—is stayed pending Epic, defendants' motion for relief is largely moot in any event.

Defendants' raise three overlapping objections to the discovery orders. First, defendants argue that they should not be required to provide discovery regarding class members who have (allegedly) signed class action waivers. However, this objection is without merit since defendants do not actually establish the existence of any signed agreements. Moreover, an employee's waiver of concerted action for work-related claims is not currently enforceable under Morris. If the Supreme Court overturns Morris, the court will reconsider the issue at that time.

Second, defendants object to discovery that relates to employees of any non-California, non-party entities on due process grounds. However, plaintiff is not seeking third party discovery, or to hail out-of-state entities into this court without minimum contacts with this forum. Rather, in its discovery requests to IF Healthcare, plaintiff can only seek information that is within the possession, custody, or control of IF Healthcare. Fed. R. Civ. P. 34(a). Magistrate Judge Kim correctly found that IF Healthcare, who is properly before this court, cannot raise 14th Amendment objections on behalf of third parties.

Finally, defendants argue that no class discovery should be permitted until a class is certified. Courts in this district have generally permitted pre-certification class discovery, including "pre-certification discovery of putative class members' confidential [contact] information subject to a protective order." Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016) (citing cases); see also Artis v. Deere & Co., 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context.").[1] However, "FLSA does not require Defendants to provide contact information until after the court certifies the collective action." Gilbert v. Citigroup, Inc., No. 08-0385 SC, 2009 WL 424320, at *5 (N.D. Cal. Feb. 18, 2009); accord Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 543 (N.D. Cal. 2007).

Thus, while plaintiff properly sought pre-certification discovery on the California class, defendants are not required to divulge contact information as to the putative nationwide collective until after conditional certification. However, as class and collective discovery is now stayed per this order, defendants' request for relief on this basis is DENIED AS MOOT.

**CONCLUSION**

For the foregoing reasons, defendants' motion to stay the case is GRANTED IN PART. All proceedings in the case are stayed pending the Supreme Court's decision in Epic, with the single exception of the "joint employer"/"single enterprise" issue. The court will permit plaintiff until **October 30, 2017** to take discovery on the issue of which ImageFIRST entities, beyond the named defendants, may be held liable for the alleged FLSA violations based on a "joint employer" theory, and thus which employees are properly included in the putative class. Plaintiff may file a motion for summary judgment on this issue by **December 13, 2017**. In light of the partial stay, and for the reasons

[1] At the hearing, defendants' counsel indicated that there were only 15 putative class members in California. When asked by the court whether this number might suggest a lack of numerosity under Rule 23, plaintiff's counsel indicated that they were re-evaluating whether to proceed with the Rule 23 class.

United States District Court
Northern District of California

stated on the record at the hearing, the briefing schedule for class and collective action certification is hereby VACATED.

Defendants' motion for relief from the magistrate judge's orders is DENIED. However, all class and collective discovery in this case, other than that permitted by the preceding paragraph concerning the "joint employer"/"single enterprise" issue, is STAYED until the Supreme Court's decision in Epic is issued.

The parties shall inform this court within one week after the Supreme Court issues its decision in Epic. If the Court affirms the Ninth Circuit's decision in Morris, the court will schedule a case management conference in order to reset the schedule for class and collective action certification. If the Supreme Court reverses, defendants may file a motion for summary judgment on the enforceability of the alleged arbitration agreements/class action waivers within 45 days following the Court's decision in Epic.

**IT IS SO ORDERED.**

Dated: July 10, 2017

PHYLLIS J. HAMILTON
United States District Judge