THE BRANDI LAW FIRM
THOMAS J. BRANDI, SBN 53208
BRIAN J. MALLOY, SBN 234882
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone:  415.989.1800
Facsimile: 415.989.1801
E-mail: tjb@brandilaw.com

THE FEOLA LAW FIRM
DAVID C. FEOLA (CO Bar No. 18789)
(admitted pro hac vice)
34523 Upper Bear Creek Road
Denver, Colorado 80202
Telephone:  303.674.7000
Facsimile: 303.382.4685
E-mail: david@Feolalaw.com

*Counsel for Plaintiff*
KYLE L. CAMPANELLI

MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, SBN 168181
One Market, Spear Street Tower
San Francisco, California  94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: eric.meckley@morganlewis.com

*Counsel for Defendants*
IMAGEFIRST HEALTHCARE LAUNDRY
SPECIALISTS, INC.; IMAGEFIRST OF
CALIFORNIA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KYLE L. CAMPANELLI, on his own behalf and on behalf of all others similarly situated,

               Plaintiff,

      vs.

IMAGEFIRST UNIFORM RENTAL SERVICE, INC.; IMAGEFIRST HEALTHCARE LAUNDRY SPECIALISTS, INC.; IMAGE FIRST OF CALIFORNIA, LLC,

             Defendants.

Case No.  4:15-cv-04456-PJH

**STIPULATED REQUEST FOR COURT APPROVAL OF SETTLEMENT OF PLAINTIFF'S INDIVIDUAL CLAIMS UNDER THE FAIR LABOR STANDARDS ACT;**

**STIPULATION FOR DISMISSAL WITH PREJUDICE; AND**

**[PROPOSED] ORDER**

F.R.C.P. 41(a)(1)(A)(ii)

1    Plaintiff Kyle L. Campanelli ("Plaintiff") and Defendants Image FIRST Healthcare

2  Laundry Specialists, Inc. and ImageFIRST of California, LLC (collectively "Defendants")

3  (Plaintiffs and Defendants are referred to collectively as the "Parties"), by and through their

4  respective counsel, jointly request that the Court grant approval of their proposed settlement of

5  Plaintiff's individual claims under the Fair Labor Standards Act ("FLSA").  A good faith and *bona*

6  *fide* dispute exists in this matter regarding: (1) whether Plaintiff was misclassified as exempt, and

7  (2) whether he was entitled to overtime under the FLSA.

8    In addition, provided that the Court approves the settlement of Plaintiffs' FLSA claims, the

9  Parties stipulate to dismiss this action with prejudice pursuant to the Federal Rules of Civil

10  Procedure ("F.R.C.P."), Rule 41(a)(1)(A)(ii).

11  **I.    COURT APPROVAL OF FLSA SETTLEMENTS IS REQUIRED.**

12    An employee's individual claim under the FLSA may not be settled without the

13  supervision and approval of either the Secretary of Labor or a United States District Court.  *Nen*

14  *Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014); *Lynn's Food Stores, Inc. v. United*

15  *States, et al.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Zhou v. Wang's Restaurant*, No. C 05-

16  0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. August 8, 2007).  The proper procedure for

17  obtaining Court approval of the settlement of FLSA claims is for the parties to present to the Court

18  a proposed settlement.  *Zhou*, 2007 WL 2298046 at *1.

19    In reviewing the settlement agreement, the Court must determine whether the proposed

20  settlement is a fair and reasonable resolution of a *bona fide* dispute.  *Nen Thio*, 14 F.Supp.3d at

21  1333; *Lynn's Food Stores*, 679 F.2d at 1355; *Palega v. Property Sciences Group, Inc.*, No. C 17-

22  00855 WHA, 2018 WL 4961694, at *1 (N.D. Cal. Aug. 2, 2018).  "If a settlement in an employee

23  FLSA suit does reflect a reasonable compromise over issues, such as . . . computation of back

24  wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to

25  promote the policy of encouraging settlement of litigation."  *Lynn's Food Stores*, 679 F.2d at

26  1354; *Saleh v. Valbin Corp.*, No. 17-CV-00593-LHK, 2018 WL 6002320, at *1 (N.D. Cal. Nov.

27  15, 2018).

28

1

2

**II.      THE PROPOSED SETTLEMENT OF PLAINTIFF'S FLSA CLAIM IS A FAIR AND REASONABLE RESOLUTION OF A GOOD FAITH AND *BONA FIDE* DISPUTE REGARDING ALLEGED UNPAID OVERTIME WAGES.**

3

4

5

6

The purpose of analyzing whether the settlement is a fair and reasonable resolution of a *bona fide* dispute "is to ensure than an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties." *Saleh*, 2018 WL 6002320 at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1353 n.8).

7

8

9

10

11

12

Here, Plaintiff alleges that he was owed overtime compensation for hours worked in excess of 40 hours per week in violation of the FLSA and seeks unpaid overtime compensation, liquidated damages and related attorney's fees, due to his alleged misclassification as an exempt manager.  (First Amended Complaint ("FAC"), ¶¶ 52-60.)  Court approval of the Parties' settlement is proper because a *bona fide* dispute exists as to the liability for, and computation of, Plaintiff's alleged unpaid overtime claims under the FLSA.

13

14

15

16

17

18

19

20

21

22

23

24

Defendants employed Plaintiff from approximately March 17, 2014 to approximately March 2, 2015, and Plaintiff worked approximately 50 weeks during that time.  Plaintiff claims that he worked greater than 40 hours a week for the entire duration of his employment, and, based on his allegation of misclassification, would have been entitled to overtime under the FLSA. (FAC, ¶¶ 36, 62). Defendants vigorously disputed that Plaintiff was incorrectly classified as exempt and that he was owed *any* overtime under the FLSA.  Defendants also disputed Plaintiff's claim for liquidated damages under the FLSA on the grounds that they had acted in good faith and with a reasonable basis for believing their practices complied with the FLSA.  In light of these disputes, and following the Court's decision to deny Rule 23 class certification (Dkt. #123), the Parties engaged in good faith, arms-length settlement negotiations, with both Parties represented by experienced counsel, in order to settle not only Plaintiff's FLSA claim, but also his numerous individual claims brought under California law.

25

26

27

Given the Parties' *bona fide* dispute regarding both liability and the computation of any alleged unpaid overtime and liquidated damages under the FLSA, and after weighing the risks and costs of continued litigation, the Parties reached a compromise to settle Plaintiff's individual

28

1   FLSA claim.  The Parties executed a Settlement Agreement and General Release of all of

2   Plaintiff's claims, including his FLSA and California law claims, as well as any other claims

3   Plaintiff could potentially bring in connection with his employment with Defendants, for which

4   Defendants deny all liability.  The Parties allocated the settlement payments as follows: (a)

5   payment to Plaintiff in compromise of claims for alleged unpaid wages (under both California and

6   federal law), (b) payment to Plaintiff in compromise of claims for alleged non-wage damages,

7   including penalties and statutory interest, and (c) payment to "The Brandi Law Firm" in

8   compromise of claims for and relating to Plaintiff's attorneys' fees and costs incurred in litigating

9   the claims contained in the lawsuit.[1]  The amounts referenced in the Settlement Agreement are a

10  fair and reasonable compromise of the Parties' good faith and *bona fide* dispute and include a

11  payment in compromise for Plaintiff's FLSA claims as well as Plaintiff's claims under California

12  law, which are not subject to the Court's approval.  As such, because the settlement amount

13  provide for not just Plaintiff's FLSA claims, but also his California law claims, the Court can be

14  confident that Plaintiff is not waiving any claims for which there is no dispute.  *Saleh*, 2018 WL

15  6002320 at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1353 n.8).

16          Based on the Parties' dispute regarding Plaintiff's entitlement to any overtime wages under

17  the FLSA, the settlement amounts set forth in the settlement agreement represent a fair and

18  reasonable resolution of the Parties' *bona fide* dispute and, on that basis, seek the Court's approval

19  of the settlement agreement.

20                      **STIPULATION OF DISMISSAL WITH PREJUDICE**

21          Pursuant to F.R.C.P. 41(a)(1)(A)(ii), the Parties hereby stipulate to dismiss this action with

22  prejudice, provided that the Court approves of the settlement of Plaintiffs' FLSA claims.

23  ///

24  ///

25  ///

26  ///

27

28  _____
    [1] *See* the Settlement Agreement filed concurrently via the Parties' Joint Administrative Motion to File the Settlement Amounts Under Seal for the precise amounts of these payments.

1 | Dated: April 5, 2019            THE BRANDI LAW FIRM

2

3                                          By _____/s/ Brian Malloy_____
                                            Brian J. Malloy

4                                             Attorney for Plaintiff
                                            KYLE CAMPANELLI

5 | Dated: April 5, 2019            THE FEOLA LAW FIRM

6

7                                             By _____/s/ David Feola_____
                                            David Feola

8                                             Attorney for Plaintiff
                                            KYLE CAMPANELLI

9 | Dated: April 5, 2019            MORGAN, LEWIS & BOCKIUS LLP

10

11                                             By _____/s/ Eric Meckley_____
                                            Eric Meckley

12                                             Nancy Villarreal

13                                             Attorneys for Defendants
                                            IMAGEFIRST HEALTHCARE

14                                             LAUNDRY SPECIALISTS, INC.;
                                            IMAGEFIRST OF CALIFORNIA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **[PROPOSED] ORDER**

IT IS HEREBY ORDERED, based upon good cause appearing, that the Court FINDS the compromise of Plaintiff Kyle L. Campanelli's claims for alleged overtime, liquidated damages and attorneys' fees under the Fair Labor Standards Act ("FLSA") to be a fair and reasonable compromise of FLSA claims as to which there are good faith and *bona fide* disputes regarding liability and computation of back wages.

IT IS FURTHER ORDERED that, based on this finding and the Parties' stipulation, the Court hereby DISMISSES THIS ACTION WITH PREJUDICE, pursuant to Federal Rule of Civil Procedure, Rule 41(a)(1)(A)(ii).

Dated: _____          _____

Hon. Phyllis J. Hamilton
United States District Court Judge