UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE L. CAMPANELLI,

    Plaintiff,

    v.

IMAGE FIRST HEALTHCARE LAUNDRY SPECIALISTS, INC., et al.,

    Defendants.

Case No. 15-cv-04456-PJH

**ORDER RE STIPULATION FOR COURT APPROVAL OF SETTLEMENT**

Re: Dkt. No. 129

The court is in receipt of the parties' stipulated request for court approval of settlement of plaintiff's individual claims, including claims brought under the Fair Labor Standards Act (the "FLSA"). Dkt. 129. That stipulation recognizes that the plaintiff's FLSA claims may not be settled without supervision and approval of either the Secretary of Labor or a United States District Court. See Nen Thio v. Genji, LLC, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014). The parties further recognize that settlement approval requires this court to determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute. Id.; Lynn's Food Stores, Inc. v. United States, et al., 679 F.2d 1350, 1352-55 (11th Cir. 1982). Despite that recognition, the parties have provided no evidence—and hardly any substantive discussion—that would allow the court to make such a finding. Separately troubling is the fact that neither the parties' stipulation nor their proposed order indicates whether the collective action will be dismissed without prejudice as to the claims of putative collective action members.

For those reasons, if the parties wish the court to consider approving their settlement, the parties must file a joint supplemental brief, not to exceed five pages, and

any supporting affidavits or evidence addressing the following issues:

1. Whether the collective action claims are being dismissed without prejudice;

2. If so, whether dismissal of those claims will prejudice the putative collective action members under the standard set forth in Diaz v. Tr. Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989). See also Luo v. Zynga Inc., No. 13-CV-00186 NC, 2014 WL 457742, at *3-4 (N.D. Cal. Jan. 31, 2014) (applying Diaz to dismissal of putative FLSA collective claims); and

3. Whether plaintiff's individual settlement is a fair and reasonable resolution of a bona fide dispute. With respect to that issue, the parties shall address plaintiff's wage or salary during the relevant period, the estimated number of overtime hours plaintiff allegedly worked, and the plaintiff's best-case scenario total recovery.

The parties' supplemental papers shall be filed no later than April 26, 2019.

**IT IS SO ORDERED.**

Dated: April 12, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge