United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE L. CAMPANELLI,<br>　　　　Plaintiff,<br>　　v.<br>IMAGE FIRST HEALTHCARE LAUNDRY SPECIALISTS, INC., et al.,<br>　　　　Defendants. | Case No. 15-cv-04456-PJH<br><br>**ORDER APPROVING SETTLEMENT AND DISMISSING ACTION**<br><br>Re: Dkt. No. 129 |

Before the court is the parties' joint request for court approval of an individual settlement between plaintiff Kyle Campanelli and defendants ImageFirst Healthcare Laundry Specialist, Inc. and ImageFirst of California, LLC. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the parties' request, for the following reasons.

ImageFIRST of California employed Campanelli as a delivery person from March 2014 to March 2015. In general, Campanelli alleges that he worked over forty hours a week but was denied meal and rest periods and was never paid overtime compensation, in violation of the Fair Labor Standards Act (the "FLSA") and the California Labor Code.

Campanelli originally brought this action as a putative collective action under the FLSA and as a class action under Federal Rule of Civil Procedure 23. On December 21, 2018, the court denied defendants' motion to deny FLSA certification and granted their motion to deny Rule 23 class certification. Dkt. 123. From that point, therefore, this action has proceeded as only a putative collective action under the FLSA.

On April 5, 2019, the parties filed the now pending joint request for approval of settlement. Dkt. 129. Subsequently, in response to a court order, the parties filed additional support for that request. Dkt. 131.

**A.   The Fair Labor Standards Act**

An employee's claims under the FLSA are nonwaivable and may not be settled without supervision of either the Secretary of Labor or a district court. Yue Zhou v. Wang's Restaurant, No. 05–cv–0279 PVT, 2007 WL 2298046, *1 (N.D. Cal. Aug. 8, 2007) (citing Barrentine v. Ark.–Best Freight Sys., Inc., 450 U.S. 728, 740 (1981); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th. Cir. 1982)). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, 679 F.2d at 1353. Because "[t]he Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval," district courts in this Circuit widely follow the Eleventh Circuit's Lynn's Food Stores standard. Dunn v. Teachers Ins. & Annuity Ass'n of Am., 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). Under Lynn's Food Stores, a district court may approve an FLSA settlement only if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Otey v. CrowdFlower, Inc., 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) (quoting Lynn's Food Stores, 679 F.2d at 1355).

After reviewing the settlement agreement, the factual representations made by the parties, the allegations in the complaint, and the legal issues presented by this case, the court finds that the settlement is fair and warrants approval under the standard articulated in Lynn's Food Stores.

**B.   Dismissal of Putative Collective Claims**

Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismissal of Rule 23 class claims. The Ninth Circuit has held that Rule 23(e) also applies to pre-certification classes. Diaz v. Tr. Territory of Pac. Islands, 876 F.2d

1401, 1408 (9th Cir. 1989). Further, "[c]ourts generally apply the same [Rule 23(e)] standard to FLSA collective action settlements." Kempen v. Matheson Tri-Gas, Inc., 2017 WL 475095, at *4 (N.D. Cal. Feb. 6, 2017); Gonzalez v. Fallanghina, LLC, No. 16-CV-01832-MEJ, 2017 WL 1374582, at *4 (N.D. Cal. Apr. 17, 2017) (collecting cases); Luo v. Zynga Inc., 2014 WL 457742, at *3-4 (N.D. Cal. Jan. 31, 2014). In Diaz, the Ninth Circuit enumerated three factors for courts to consider when determining whether dismissal of class claims will prejudice putative class members: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." Diaz, 876 F.2d at 1408; Luo, 2014 WL 457742, at *3-4 (applying Diaz to dismissal of putative FLSA collective claims).

After considering the Diaz factors and other possible sources of prejudice, the court finds that dismissal of this action will not prejudice the putative FLSA collective.

## CONCLUSION

In light of the foregoing, the court hereby ORDERS as follows:

(1) The parties' settlement is APPROVED.

(2) The parties' motion to seal the settlement amount is GRANTED.

(3) The action in its entirety is DISMISSED WITH PREJUDICE. That dismissal, however, is without prejudice to non-present putative FLSA collective action members.

**IT IS SO ORDERED.**

Dated: April 30, 2019

PHYLLIS J. HAMILTON
United States District Judge

3